1   Matthew L. Lalli (#137927)
    mlalli@swlaw.com
2   Elizabeth M. Weldon (#223452)
    eweldon@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Boulevard, Suite 1400
4   Costa Mesa, California  92626-7689
    Telephone:   714-427-7000
5   Facsimile:   714-427-7799

6   Attorneys for  NEVADA PROPERTY 1 LLC

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10  DONALD OKADA,                    Case No. **8:14-CV-00307 DOC (DFMx)**

11                    Plaintiff,     Judge:  David O. Carter
                                     Magistrate Judge:  Douglas F. McCormick
12  vs.
                                     **DEFENDANT NEVADA PROPERTY**
13  NEVADA PROPERTY 1, LLC,          **1 LLC'S NOTICE OF MOTION AND**
                                     **MOTION TO DISMISS, OR , IN THE**
14                    Defendant.     **ALTERNATIVE, TRANSFER VENUE**

15                                   Date:       June 16, 2014
                                     Time:       8:30 a.m.
16                                   Ctrm:       9D

17

18                                   Complaint Filed:  March 3, 2014
                                     Trial Date:  No Date Set
19
                                     [Declarations of Elizabeth M. Weldon,
20                                   Matthew L. Lalli and Sarahlynn Aken,
                                     Request for Judicial Notice, and
21                                   Defendant's Proposed Order filed
                                     concurrently herewith]
22

23

24

25

26

27

28

18974587

PLEASE TAKE NOTICE that on June 16, 2014 at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-entitled court, Defendant Nevada Property 1 LLC ("**Defendant**" or "**NP1**") will, and hereby does, move the court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing this action by Plaintiff Donald Okada ("**Plaintiff**" or "**Okada**"). Alternatively, Defendant will, and hereby does, move the court pursuant to 28 U.S.C. § 1404(a) for an order transferring venue of this case to the United States District Court for the District of Nevada, Las Vegas Division.

This motion is made on the grounds that the Plaintiff's claims in this matter are not supported by allegations that state a claim for relief and that issues dispositive of the claims already were decided in binding arbitration confirmed by a court. Moreover, the claims relate to a purchase and sale agreement that contains a mandatory forum selection clause requiring that all disputes arising under the purchase and sale agreements be brought in Nevada. Particularly in light of this forum selection clause, the convenience of the parties, witnesses and the interests of justice overwhelmingly favor resolution of this matter in Nevada.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 29, 2014. Pursuant to Local Rule 7-3, counsel for Plaintiff and Defendant met and conferred telephonically on April 29, 2014 to discuss the issues presented by this motion but were unable to reach an agreement to resolve the issues. Prior to this April 29, 2014 conversation, counsel for NP1 communicated with Okada's counsel about the instant motion, including a letter from Matthew Lalli, lead counsel, setting forth the basis of the motion.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Elizabeth M. Weldon in Support of Defendant's Motion to Dismiss, or, in the Alternative, Transfer Venue ("**Weldon Decl**.") the concurrently filed Declaration of Matthew L. Lalli in Support of Defendant's Motion to Dismiss, or, in the Alternative,

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

1   Transfer Venue ("**Lalli Decl.**"), the concurrently filed Declaration of Sarahlynn Aken

2   in Support of Defendant's Motion to Dismiss, or, in the Alternative, Transfer Venue

3   ("**Aken Decl.**"), Defendant's Request for Judicial Notice in Support of Defendant's

4   Motion to Dismiss, or, in the Alternative, Transfer Venue ("**Request for Judicial**

5   **Notice**"), the pleadings and papers on file in this action, and such other and further

6   arguments and evidence as the court may properly receive.

7

8   Dated:  May 7, 2014.                    SNELL & WILMER L.L.P.

9

10                                  By: *s/ Elizabeth M. Weldon*

11                                      Matthew L. Lalli

12                                      Elizabeth M. Weldon
                                        Attorneys for NEVADA PROPERTY 1

13                                      LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

**Snell & Wilmer**
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ...................................................................................... 3

    A.     The Project ................................................................................................... 3

    B.     The Forum Selection Clause ........................................................................ 4

    C.     Okada's Opt Out of the Class Settlement ................................................... 4

    D.     Arbitration Against Okada ........................................................................... 5

III.   LEGAL ARGUMENT ............................................................................................ 6

    A.     The Court Should Dismiss Okada's Claims under Rule 12(b)(6) ........ 6

        1.     The Arbitrator's Decision Precludes Okada's Claims ............... 7

        2.     Each of Okada's Claims Fails to Satisfy Dispositive
             Elements .............................................................................................. 9

             a.     Deceit Claims ................................................................. 9

             b.     Conspiracy ..................................................................... 10

             c.     Unjust Enrichment ....................................................... 11

    B.     Alternatively, Venue Should Be Transferred to the United States
        District Court of Nevada ............................................................................ 11

        1.     The Agreement Includes a Mandatory Forum Selection
             Clause .................................................................................................. 12

        2.     This Case Might Have Been Brought in Nevada ..................... 14

        3.     The Convenience of the Parties and Witnesses, and
             Interests of Justice, Favor Transfer to the District of
             Nevada ............................................................................................... 15

             a.     The Plaintiff agreed that all disputes would be
                 litigated in Clark County, Nevada ............................... 16

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

**TABLE OF CONTENTS**
(continued)

Page

b. The situs of all material events is Nevada, not California ........................................................................ 16

c. Nevada is most familiar with the applicable law in this case ........................................................................ 17

d. The Plaintiff's choice of forum should be given no deference ..................................................................... 17

e. The respective parties have far greater contacts with Nevada .................................................................... 18

f. Litigation in Nevada will be less costly ......................... 19

g. Nevada offers greater availability of compulsory process ......................................................................... 19

h. Ease of access to sources of proof favors Nevada ......... 19

i. California juries have no interest in this litigation ........ 20

IV. CONCLUSION ............................................................................ 20

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Argueta v. Banco Mexicano, S.A.
(9th Cir. 1996) 87 F.3d 320 ................................................................. 13

Astrium S.A.S. v. TRW, Inc.
197 F. App'x 575 (9th Cir. 2006) ......................................................... 10

Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas
134 S. Ct. 568 (2013) ........................................................... 13, 15, 18

C.D. Anderson & Co., Inc. v. Lemos
832 F.2d 1097 (9th Cir. 1987) ................................................................ 8

Carnival Cruise Lines v. Shute
(1991) 499 U.S. 585 ............................................................................. 13

Conley v. Gibson
(1957) 355 U.S. 41 ................................................................................. 6

Craighead v. E.F. Hutton & Co.
899 F.2d 485 (6th Cir. 1990) ............................................................... 11

Fischel v. Equitable Life Assur. Soc'y of the United States
307 F.3d 997 (9th Cir. 2002) ................................................................. 7

Fogie v. Thorn Americas, Inc.
190 F.3d 889 (8th Cir. 1999) ............................................................... 11

GCM Air Grp., LLC v. Chevron U.S.A., Inc.
386 F. App'x 717 (9th Cir. 2010) ......................................................... 10

Giles v. GMAC
494 F.3d 865 (9th Cir. 2007) ............................................................... 10

Gulf Oil Corp. v. Gilbert
(1947) 330 U.S. 501 ............................................................................. 20

Hatch v. Reliance Ins. Co.
(9th Cir. 1985) 758 F.2d 409 ............................................................... 14

Hoffman v. Blaski
(1960) 363 U.S. 335 ............................................................................. 14

Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.
926 F.2d 505 (6th Cir. 1991) ............................................................... 10

Hydranautics v. Filmtec Corp.
204 F.3d 880 (9th Cir. 2000) ................................................................. 7

**TABLE OF AUTHORITIES**
(continued)

Page

Johnson v. Knowles
    113 F.3d 1114 (9th Cir. 1997) ............................................................ 6

Jones v. GNC Franchising, Inc.
    (9th Cir. 2000) 211 F.3d 495 ........................................................... 16

Kelso Enterprises, Ltd. v. M/V Wisida Frost
    8 F. Supp. 2d 1197 (C.D. Cal. 1998) ................................................ 13

Koresko v. Realnetworks, Inc.
    (E.D. Cal. 2003) 291 F. Supp. 2d 1157 ........................................... 13

Lauriedale Associates, Ltd. v. Wilson
    7 Cal.App.4th 1439 (1992) ............................................................... 11

Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P.
    Thompson Elec., Inc.
    363 F.2d 181 (9th Cir. 1966) ............................................................. 9

Luna v. Yachts Int'l, Ltd.
    (D. Haw. 1997) 980 F. Supp. 1362 ................................................... 16

M/S Bremen v. Zapata Off-Shore Co.
    (1972) 407 U.S. 1 ............................................................................. 13

Manetti-Farrow, Inc. v. Gucci America, Inc.
    (9th Cir. 1988) 858 F.2d 509 ........................................................... 13

Marder v. Lopez
    (9th Cir. 2006) 450 F.3d 445 ............................................................. 7

McBride v. Boughton
    123 Cal. App. 4th 379 (2004) ........................................................... 11

Melchior v. New Line Productions, Inc.
    106 Cal.App.4th 779 (2003) ............................................................. 11

Norwood v. Kirkpartrick
    (1955) 349 U.S. 29 ........................................................................... 15

PAE Gov't Services, Inc. v. MPRI, Inc.
    (9th Cir. 2007) 514 F.3d 856 ........................................................... 17

Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.
    741 F.2d at 281 (9th Cir. 1984) ....................................................... 13

Piper Aircraft Co. v. Reyno
    (1981) 454 U.S. 235 ......................................................................... 15

Robi v. Five Platters, Inc.
    (9th Cir. 1988) 838 F.2d 318 ........................................................ 7, 8

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES
(continued)

Page

Sarmiento v. BMG Entertainment
    326 F. Supp. 2d 1108 (C.D. Cal. 2003) ............................................. 13

Spradlin v. Lear Siegler Mgt. Services
    (9th Cir. 1991) 926 F.2d 865 ............................................................ 13

Stearns v. Ticketmaster Corp.
    655 F.3d 1013 (9th Cir. 2011) ............................................................ 9

Stewart Org. v. Ricoh Corp.
    (1988) 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 ............................ 15, 16

Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank
    AG
    460 F. App'x 709 (9th Cir. 2011) ........................................................ 9

Terracon Consultants W., Inc. v. Mandalay Resort Grp.
    206 P.3d 81 (Nev. 2009) ................................................................... 10

Tokio Marine & Fire Insurance Co., Ltd. v. Nippon Express U.S.A.
    (Illinois), Inc.
    (C.D. Cal. 2000) 118 F. Supp. 2d 997 ................................................. 13

United States v. Green
    (9th Cir. 2010) 592 F.3d 1057 ............................................................ 9

United States v. Ritchie
    (9th Cir. 2003) 342 F.3d 903 ............................................................. 7

**STATE CASES**

Nedlloyd Lines B.V. v. Super. Ct. San Mateo County
    (Calif. 1992) 834 P.2d 1148 ............................................................. 17

Olinick v. BMG Entm't
    (Ct. App. 2006) 138 Cal. App. 4th 1286 .............................................. 17

**FEDERAL STATUTES**

18 U.S.C. § 1962 (d) .......................................................................... 10, 11

28 U.S.C. § 1391(a)(1)-(3) .................................................................. 14

28 U.S.C. § 1404(a) ..................................................... 3, 11, 12, 15, 17, 20

28 U.S.C. § 1738 ............................................................................... 8

**RULES**

Fed. Rules of Civ. Proc. 9(b) ............................................................... 9

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES
(continued)

**Page**

Fed. Rules of Civ. Proc. 12(b)(6) ........................................................................ 6, 7

Fed. Rules of Civ. Proc. 13(1) ................................................................................ 9

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3   The Complaint filed by Plaintiff Donald Okada is flawed in several respects.

4   Initially, these claims are precluded because the claims—or dispositive issues for the

5   claims—were decided at a binding arbitration that was confirmed by a Nevada court.

6   Additionally, the allegations in the Complaint do not state a claim based on the

7   dispositive elements.  Even if the Court does not find grounds for dismissal of Okada's

8   claims at this juncture, the claims should not proceed in the Central District of

9   California.  Rather, consistent with a binding forum selection clause, and for the

10   convenience of the parties, the case must be transferred to the District of Nevada.

11   Although Okada asserts claims against NP1 for racketeering, conspiracy, fraud,

12   negligent misrepresentation, unjust enrichment, and unfair competition, the dispute

13   between these parties arises out of a contract.  Okada entered into a binding purchase

14   and sale agreement (the "**Agreement**") in which he, like thousands of other buyers,

15   contracted to purchase a luxury condominium-hotel unit at The Cosmopolitan of Las

16   Vegas (the "**Project**") in Las Vegas, Nevada.   NP1, which later obtained the

17   developer's rights in the Project, developed the Project in the midst of various

18   challenges, including a global recession, a failing Las Vegas real estate market, and a

19   significant constituency of unit buyers looking for a way out of their contracts.  Buyers

20   initiated various legal actions, including multiple class actions that eventually were

21   consolidated in Nevada.  Many of the buyers resolved their disputes with NP1 by

22   accepting settlements, including class action settlements.

23   Okada, on the other hand, opted out of the class settlement and was under

24   contract when NP1 completed the Project.  When NP1 delivered Okada's unit, Okada

25   refused to close, pay the balance of the purchase price, take possession of the unit, or

26   cure the default.  NP1 then sought recovery from Okada, which it did by successfully

27   arbitrating its breach of contract claim against Okada consistent with a mandatory

28   arbitration clause in the Agreement.  In the arbitration, Okada asserted a counterclaim

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

alleging that NP1 materially and adversely changed the Project from a condominium community to a hotel.  The arbitrator heard and rejected this claim.

The premise of Okada's claims in the instant action is that NP1 deceived him by allegedly hiding how the plans for the Project changed.  Okada's argument seems to be that NP1 should have released him from the Agreement, but instead NP1 avoided its obligation to do so by concealing the truth about changes to the Project.  However, the consequences of the alleged deceit are illusive.  Okada was not deceived into settling—he declined to settle.  And he was not deceived into closing on his unit—he refused to close on his unit.  More importantly, NP1 did not deceive any of the buyers during development.  Rather, NP1 proceeded toward completion of the Project and ultimately delivered on its contractual obligations to those who remained under contract, like Okada.  The alleged secrets Okada claims were kept from him are no more than selectively gathered pieces of the complicated internal decision-making process, a process that is inevitable and unavoidable for a multi-billion-dollar development.

Under these circumstances, the Court should dismiss Okada's complaint.  First of all, the arbitration between these parties has preclusive effect and bars Okada's claims.  The arbitrator already decided, among other pertinent issues, that NP1 performed under the Agreement.  The arbitrator's findings are dispositive of this case because <u>NP1 could not have deceived Okada by hiding its breach of the Agreement if there was no breach</u>.  Additionally, as to the individual claims, the complaint: (1) does not allege deceit or harm with particularity to support a racketeering, fraud, negligent misrepresentation, or unfair competition claim; (2) asserts collusion only with a parent company, which is not conspiracy as a matter of law under RICO; and (3) does not identify a benefit Okada conferred on NP1 as required to show unjust enrichment, which, furthermore, is not a cause of action under California law anyway.

If this Court is not inclined to dismiss Plaintiff's claims outright, at a minimum, this lawsuit should be transferred to the United States District Court for the District of Nevada, Las Vegas Division, for the convenience of the parties and witnesses in

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

accordance with 28 U.S.C. § 1404(a) and to effectuate the intentions of the parties under the Agreement.  Plaintiff's claims arise out of the Agreement, which includes a mandatory forum selection clause.  This forum selections clause requires that all disputes arising out of or related to the Agreement be litigated in Nevada.  Transfer also is appropriate as the Agreement was negotiated, drafted, executed and performed in Nevada; the Project is located in Nevada; and the Defendant and most of the anticipated witnesses are located in Nevada.  More importantly, the parties agreed that Nevada law would govern any dispute arising out of the purchase and sale agreements and that venue would lie in Nevada.

By contrast, this case has almost no connection with California, apart from Plaintiff's residence. Defendant never traveled to California during the course of its dealings with Plaintiff; none of the relevant events occurred there; and none of the relevant documents are housed there. The only arguable "nexus"—that the case was originally filed in California by Plaintiff—is insufficient to overcome the mandatory forum selection clause and the substantial inconvenience to the parties and witnesses of litigating this case in California.

## II.  STATEMENT OF FACTS

### A.  The Project

This case arises out of Plaintiff's Condominium Unit Purchase and Sale Agreement (the "**Agreement**") relating to the purchase and sale of a condominium-hotel unit at the Project.[1]  The Project is a multi-billion dollar urban high-rise development located at the center of the Las Vegas strip.[2]  Most of the units were placed under contract during 2005 and 2006, when the real estate market in Las Vegas was very strong.[3]  Because the Project was not yet completed, potential buyers would typically visit an office, and later the Cosmopolitan sales center, to meet with a sales

---

[1] See Aken Decl., Exhibit A; see also Weldon Decl., Exhibit A, ¶ 14 (acknowledging Plaintiff as among the buyers who executed purchase contracts).
[2] See Aken Decl., ¶ 5.
[3] See Aken Decl., ¶ 7.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

agent, view the floor plans or a small-scale model for the Project, and reserve and purchase units.[4]  These meetings and sales presentations at the office and the sales center took place in Las Vegas where the office and sales center were located.[5]  All of the purchase contracts for units, including the Agreement executed by Plaintiff, were negotiated and drafted in Las Vegas. [6] All other terms of the purchase contracts were required to be performed in Las Vegas, Nevada.[7]

### B.   The Forum Selection Clause

Plaintiff's Agreement contains a mandatory forum selection clause (the "**Forum Selection Clause**"), which states in pertinent part as follows:

> The Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  Venue for any action, litigation or proceeding arising out of or concerning this Agreement shall be in Clark County, Nevada, and the parties expressly waive their right to venue elsewhere.

(See Aken Decl., Exhibit A, ¶ 20).   Accordingly, should a dispute arise under or concern the Agreement, such dispute is required to be litigated in Clark County, Nevada.  Moreover, the relevant law for adjudicating any dispute arising out of the Agreement is that of Nevada per the terms of the Forum Selection Clause.

### C.   Okada's Opt Out of the Class Settlement

From the time Plaintiff and other buyers entered into their purchase agreements, the real estate market in general, and the Las Vegas market in particular, declined significantly.  As a consequence, many buyers, including Plaintiff, suffered from "buyer's remorse" and wanted to get out of their agreements.  In that vein, many buyers sought to terminate their agreements unilaterally and went so far as to file complaints and arbitration demands seeking rescission.

---

[4] See Aken Decl., ¶¶ 9, 10.
[5] See Aken Decl., ¶ 10.
[6] See Aken Decl., ¶ 11.
[7] See generally Aken Decl., Exhibit A.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

One of the many Nevada legal proceedings relating to the Project was <u>Watt et. al. v. Nevada Property I, LLC, et. al.</u>, in the District Court of Clark County, Nevada, Case No. A58254, Dept. No. XVI (the "**Watt Litigation**").[8]  The Watt Litigation was commenced by several buyers seeking rescission of their purchase contracts on behalf or purported classes.[9]  While the issue of class certification was highly contested, ultimately the parties agreed to stipulate to certification of a class for purposes of settlement.  The class was split into two subclasses comprised of the buyers who had contracted to purchase units in the West Tower and those who had contracted to purchase units in the East Tower.[10]  Okada was in the West Tower settlement class. The Court in the Watt Litigation certified both classes for purposes of settlement only and appointed class counsel.[11]  Before the final orders were issued approving the Class Settlements, members of the subclasses were provided with the opportunity to opt out of the settlements.[12]  Okada was among the buyers in the West Tower that opted <u>not</u> to accept the West Tower class settlement.[13]

### D.   <u>Arbitration Against Okada</u>

When NP1 delivered Okada's unit, Okada refused to close, pay the balance of the purchase price, take possession of the unit, or cure the default.[14]  NP1 responded to the breach by initiating an arbitration proceeding against Okada.  NP1 filed its arbitration demand on or about March 12, 2012.[15]  NP1 initiated claims against Okada for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, and Fraudulent Misrepresentation.[16]  Mr. Okada asserted a counterclaim in arbitration on June 8, 2012.[17]  Although he did not plead the elements of any particular claim, Mr.

---

[8] <u>See</u> Request for Judicial Notice, Exhibit A.
[9] <u>See id.</u>
[10] <u>See</u> Request for Judicial Notice, Exhibit B.
[11] <u>See</u> Request for Judicial Notice, Exhibit C.
[12] <u>See</u> Request for Judicial Notice, Exhibit D.
[13] <u>See</u> Aken Decl., ¶ 17.
[14] <u>See</u> Weldon Decl., Exhibit A, ¶ 67, 70.
[15] <u>See</u> Lalli Decl., ¶ 2.
[16] <u>See</u> Lalli Decl., ¶ 3, Exhibit A.
[17] <u>See</u> Lalli Decl., ¶ 4, Exhibit B.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

Okada's counterclaim makes arguments for breach of contract and contract rescission.[18]  On Okada's motion, the arbitrator granted leave for Okada to amend the counterclaim.[19]  The parties conducted limited discovery consistent with the applicable arbitration agreement, submitted briefing, and appeared for three days of hearings before the arbitrator on September 13–14, 2012, and December 14, 2012.[20]

On February 22, 2013, the arbitrator issued an Interim Award of Arbitrator.  The interim award decided the issues in NP1's favor and invited NP1 to submit further briefing to support an award for attorneys' fees and costs.[21]  After briefing on attorneys' fees and costs, the arbitrator supplemented the interim award with a final Award of Arbitrator dated May 1, 2013.[22]  As the prevailing party at arbitration, NP1 moved on May 20, 2013, in Nevada district court, to confirm the arbitration award in its favor and enter the award as a judgment.  Mr. Okada responded by opposing the motion to confirm and filing a countermotion to vacate or amend the award.  The Nevada district court granted NP1's motion and denied Mr. Okada's motion, as effectuated by the Order Granting Nevada Property 1 LLC's Motion to Confirm Arbitration Award and for Entry of Judgment dated December 3, 2014.[23]  The Nevada district court also denied Mr. Okada's subsequent Motion for Relief from Judgment, or in the Alternative, Motion to Stay Enforcement of the Judgment Pending Appeal.[24]

## III.  LEGAL ARGUMENT

### A.  The Court Should Dismiss Okada's Claims under Rule 12(b)(6).

The court should dismiss Okada's claims if it appears "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997);

---

[18] See id.
[19] See Lalli Decl., ¶ 5, Exhibits C and D.
[20] See Lalli Decl., ¶ 6.
[21] See Lalli Decl., ¶ 7, Exhibit E.
[22] See Lalli Decl., ¶ 7, Exhibit F.
[23] See Lalli Decl., ¶ 8, Exhibit G.
[24] See Lalli Decl., ¶ 9, Exhibit H.

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

see also FED. R. CIV. P. 12(b)(6). Although a court's review is limited to the complaint for purposes of a motion to dismiss, it may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 907–08 (9th Cir. 2003). Additionally, in ruling on a motion to dismiss, the Ninth Circuit has held that "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). To explain why Okada can prove no set of facts in support of his claims which would entitle him to relief, plaintiff relies on the complaint, the Agreement (relied upon in Complaint, ¶ 14), the record of the arbitration (relied upon in Complaint, ¶¶ 70–73), and Nevada court records (judicial notice requested), documents which are undisputedly authentic and also central to Plaintiff's claims as asserted.[25]

## 1.    The Arbitrator's Decision Precludes Okada's Claims.

The Court should dismiss Plaintiff's claims because they are precluded by res judicata. The doctrine of res judicata includes two closely related concepts: claim preclusion and issue preclusion. See Fischel v. Equitable Life Assur. Soc'y of the United States, 307 F.3d 997, 1005, n. 5 (9th Cir. 2002) ("The doctrine of res judicata includes both claim preclusion and issue preclusion."). Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the parties on the same 'claim' or 'cause of action.'" See Hydranautics v. Filmtec Corp., 204 F.3d 880, 887 (9th Cir. 2000) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 321–22 (9th Cir. 1988)). Under the doctrine of issue preclusion, or collateral estoppel, "an issue of fact or law, actually litigated and resolved by a valid final judgment, binds

---

[25] See, generally, Lalli Decl.

- 7 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

the parties in a subsequent action, whether on the same or a different claim." *Id.* The Full Faith and Credit Act requires that federal courts give judgments issued by state courts the same preclusive effect they would have in state proceedings. *Id.*; *see* 28 U.S.C. § 1738. Additionally, an arbitration decision can have res judicata and collateral estoppel effect in the Ninth Circuit. See C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987).

The Court should determine that Okada's claims are precluded by prior proceedings: NP1 already arbitrated claims by and against Okada and prevailed. Specifically, the arbitrator already heard and rejected Okada's claims that NP1 deceived him. After the arbitrator decided the issues between NP1 and Okada, the Nevada district court confirmed the award, denied Okada's motion to vacate the award, and rejected Okada's motion for a new trial. The outcome of the arbitration, together with the confirmation of the arbitration award by the Nevada court, has preclusive effect on issues dispositive to Okada's case. Okada cannot prove that NP1 disseminated false information about its plans for the Project by not disclosing material changes[26] because the arbitrator already determined that the modifications made by NP1 were not significantly adverse to Okada as to constitute a breach of contract by NP1.[27] Okada cannot prove that NP1 secretly converted many of the condominiums into hotel rooms[28] because the arbitrator already determined that units designated as condominium units in the original plans were built consistent with mapping as condominium units.[29] Okada cannot prove that NP1 disguised its failure to develop the Project as promised[30] because the arbitrator already determined that NP1 did not breach its obligations to develop the Project as promised.[31]

---

[26] See Weldon Decl., Exhibit A, ¶ 79, 85, 90, 98, 109.
[27] See Lalli Decl., ¶ 7, Exhibit E, p. 20.
[28] See Weldon Decl., Exhibit A, ¶ 30.
[29] See Lalli Decl., ¶ 7, Exhibit E, p. 13.
[30] See Weldon Decl., Exhibit A, ¶ 44.
[31] See Lalli Decl., ¶ 7, Exhibit E, p. 20, 25.

18974587

Moreover, to the extent Mr. Okada raises new legal theories related to the Agreement, those claims were compulsory counterclaims that should have been raised at arbitration and now have been waived.  See FED. R. CIV. P. 13(1) (providing that a pleading must state a counterclaim against an opposing party if the claim does not require adding another party and "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"); see also Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc., 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again.").  Before considering the specific merits of Okada's individual claims, then, the Court should dismiss the case under the doctrines of res judicata and waiver.

### 2.    Each of Okada's Claims Fails to Satisfy Dispositive Elements.

#### a.    Deceit Claims

Okada's complaint does not allege deceit or harm with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure to support a racketeering, fraud, negligent misrepresentation, or unfair competition claim.  See FED. R. CIV. P. 9(b); see also Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1020 (9th Cir. 2011) (finding that relief under the California unfair competition law is not available without individualized proof of deception, reliance and injury).  Specifically, Okada has rested on blanket statements[32] and has not made a viable assertion as to what affirmative, material misrepresentation NP1 made to him.  See Sussex Fin. Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG, 460 F. App'x 709, 713 (9th Cir. 2011); United States v. Green, 592 F.3d 1057, 1064 (9th Cir. 2010).  Asserting a misrepresentation involves both identifying statements of fact from the defendant and also explaining how those statements were false.  Okada has not done so.

---

[32] See Weldon Decl., Exhibit A, ¶ 79, 85, 90, 98, 109.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Additionally, these claims of deceit should be dismissed because they are barred by the economic loss rule.  See Astrium S.A.S. v. TRW, Inc., 197 F. App'x 575, 577 (9th Cir. 2006) (affirming dismissal of fraud and negligent misrepresentation claims under the California economic loss rule).  The economic loss doctrine "marks the fundamental boundary between contract law which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby generally encourages citizens to avoid causing physical harm to others." GCM Air Grp., LLC v. Chevron U.S.A., Inc., 386 F. App'x 717, 718 (9th Cir. 2010) (quoting Terracon Consultants W., Inc. v. Mandalay Resort Grp., 206 P.3d 81, 86 (Nev. 2009)).  In other words, tort claims amounting to "nothing more than a failure to perform a promise contained in a contract" have been barred by the economic loss doctrine.  See Giles v. GMAC, 494 F.3d 865, 876 (9th Cir. 2007).

In this case, Okada has not argued that he was deceived into accepting a settlement agreement or performing on his Agreement to purchase the unit.  Instead, Okada appears to argue that NP1 misled Okada about NP1's performance of the Agreement.  This does not entitle Okada to separate tort damages under the economic loss rule.  Either NP1 breached the Agreement or it did not; and the arbitrator already determined that it did not.[33]

### b.   Conspiracy

Plaintiff's conspiracy claim under 18 U.S.C. § 1962(d) alleges that NP1 and its parent company, Deutsche Bank AG, employees conspired with one another to violate RICO.[34]  NP1 denies any conspiracy, but, regardless, this claim fails as a matter of law.  As a general matter of conspiracy law a company cannot conspire with its employees or corporate affiliates.  See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir. 1991). The Eighth Circuit expressly extended this rule to alleged conspiracies under § 1962(d) and held that a parent corporation could

---

[33] See Lalli Decl., ¶ 7, Exhibit E, p. 20, 25.
[34] See Weldon Decl., Exhibit A, ¶ 18–20, 84–87.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

not conspire with "its arms and hands." <u>Fogie v. Thorn Americas, Inc.</u>, 190 F.3d 889, 898 (8th Cir. 1999). Further, a conspiracy count under § 1962(d) cannot stand where the other RICO counts are dismissed, as Okada's RICO claim should be. <u>See</u> <u>Craighead v. E.F. Hutton & Co.</u>, 899 F.2d 485, 495 (6th Cir. 1990). Accordingly the Court should conclude that Plaintiff's conspiracy claim must be dismissed for failure to state a claim.

c.     <u>Unjust Enrichment</u>

Plaintiff's unjust enrichment claim should be dismissed because, as an initial matter, unjust enrichment is not a cause of action under California law. Unjust enrichment is a general principle underlying various legal doctrines and remedies but not a remedy or cause of action in its own right. <u>McBride v. Boughton</u>, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115, 121 (2004); <u>Melchior v. New Line Productions,</u> <u>Inc.</u>, 106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003). Moreover, even as a principle of law, unjust enrichment does not apply in this case. Unjust enrichment is "the result of failure to make restitution," <u>Lauriedale Associates, Ltd. v. Wilson</u>, 7 Cal.App.4th 1439, 1448, 9 Cal.Rptr.2d 774 (1992), but Okada has not identified a benefit he conferred on NP1 requiring restitution. Accordingly, Okada's unjust enrichment claim must be dismissed.

**B.     *Alternatively*, Venue Should Be Transferred to the United States District Court of Nevada.**

If this Court is not inclined to dismiss this action outright for the reasons presented above, at a minimum, venue should be transferred to the District Court of Nevada, in Clark County, Nevada. A transfer of venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

<u>See</u> 28 U.S.C. § 1404(a). The case should proceed in the District of Nevada because

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- 11 -

(1) the Agreement includes a mandatory forum selection clause; (2) the case might have been brought in Nevada; and (3) Nevada will be a more convenient forum for the parties and witnesses, and all events giving rise to this action either occurred or are alleged to have occurred in Nevada.  Here, not only could Plaintiff have brought his claims in Nevada, he should have brought his claims in Nevada.  Consequently, transfer of venue to the District Court of Nevada is appropriate under § 1404(a), as further described below.

### 1. The Agreement Includes a Mandatory Forum Selection Clause.

Plaintiff's Agreement contains a mandatory Forum Selection Clause, which states in pertinent part as follows:

> The Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  Venue for any action, litigation or proceeding arising out of or concerning this Agreement shall be in Clark County, Nevada, and the parties expressly waive their right to venue elsewhere.[35]

Accordingly, should a dispute arise under or concern the Agreement, such dispute is required to be litigated in Clark County, Nevada.  The forum-selection clause is mandatory and exclusive as to all litigation arising out of or concerning the Agreement, which Okada's claims indeed do.  Specifically, Okada's relationship with NP1 for purposes of the Complaint is the product of the Agreement,[36] and Okada seeks recovery for the contract damages imposed on him at arbitration under the Agreement and for other alleged harms that flow from the Agreement.[37]

Accordingly, the Central District of California should transfer venue to the District of Nevada.  *See* 28 U.S.C. 1404(a).  The United States Supreme Court recently has held that "the appropriate way to enforce a forum-selection clause pointing to a

---

[35] See Aken Decl., Exhibit A, ¶ 20.
[36] See Weldon Decl., Exhibit A, ¶ 14, 15.
[37] See Weldon Decl., Exhibit A, ¶ 72–75.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

state or foreign forum is through the doctrine of *forum non conveniens*" by applying Section 1404(a).  <u>See</u> <u>Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas</u>, 134 S. Ct. 568, 580, 187 L. Ed. 2d 487 (2013).  The court should enforce the forum-selection clause under Section 1404(a) and transfer the case to Nevada.

Plaintiff carries the heavy burden of showing that the Forum Selection Clause should not be enforced.  In <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), the Supreme Court held that a forum selection clause is "prima facie valid" and should not be set aside unless the party challenging enforcement of the provision can show that it is "unreasonable" under the circumstances.[38]  <u>See also</u> <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585, 589, 111 S. Ct. 1522, 113 L. Ed.2d 622 (1991); <u>Sarmiento v. BMG Entertainment</u>, 326 F. Supp. 2d 1108, 1110 (C.D. Cal. 2003); <u>Tokio Marine & Fire Insurance Co., Ltd. v. Nippon Express U.S.A. (Illinois), Inc.</u>, 118 F. Supp. 2d 997, 1000 (C.D. Cal. 2000); <u>Kelso Enterprises, Ltd. v. M/V Wisida Frost</u>, 8 F. Supp. 2d 1197, 1201 (C.D. Cal. 1998); <u>Koresko v. Realnetworks, Inc.</u>, 291 F. Supp. 2d 1157, 1160-1161 (E.D. Cal. 2003).  To establish the unreasonableness of the forum selection clause, the non-moving party has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court."  <u>Pelleport Investors, Inc.</u>, 741 F.2d at 281 (9th Cir. 1984).

Here, the Agreement executed by Plaintiff contains the Forum Selection Clause, which is valid and enforceable.  Pursuant to the Forum Selection Clause, any litigation arising out of or related to the Agreement must be brought in Clark County, Nevada

---

[38] Although, <u>Bremen</u>, the pivotal case, is an admiralty case, its standard has been widely applied to forum selection clauses generally.  <u>See generally</u> <u>Argueta v. Banco Mexicano</u>, 87 F.3d 320, 324 (9th Cir. 1996) (applying <u>Bremen</u> to affirm enforcement of a forum selection clause in loan agreements); <u>Spradlin v. Lear Siegler Mgt. Servs.</u>, 926 F.2d 865, 867 (9th Cir. 1991) (applying <u>Bremen</u> to affirm enforcement of a forum selection clause in an employment contract); <u>Manetti-Farrow, Inc. v. Gucci America, Inc</u>, 858 F.2d 509, 512 (9th Cir. 1988) (applying <u>Bremen</u> to affirm enforcement of a forum selection clause in an exclusive dealership contract); <u>Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.</u>, 741 F.2d 273, 281 (9th Cir. 1984) (applying <u>Bremen</u> to affirm enforcement of a forum selection clause in a domestic contract involving the exhibition of motion pictures).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18794587

and venue elsewhere is waived.[39]  The Plaintiff cannot meet his heavy burden of showing that trial in Clark County would be so difficult and inconvenient that they would be effectively denied a meaningful day in court.  After all, Plaintiff contracted to buy a condominium-hotel unit in Las Vegas presumably because that was an attractive and convenient place for him to visit, live, or hold investment property.  Moreover, the Project, the majority of the witnesses—other than Plaintiff—and all relevant documents are located in Nevada.  Because Plaintiff cannot meet his heavy burden, this Court should enforce the forum selection clause.

### 2.    This Case Might Have Been Brought in Nevada.

This Court may transfer this action to the District of Nevada because at the time the action was filed (1) venue would have been proper there; (2) that district would have had subject matter jurisdiction over the action; and (3) that district could have exercised personal jurisdiction over all parties.  See Hoffman v. Blaski, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985) (holding that transfer was only proper when action could have been properly brought in transferee court).

The District Court of Nevada would have subject matter jurisdiction based on diversity of citizenship.  Venue would have been proper in Nevada pursuant to 28 U.S.C. § 1391(a)(1)-(3) because all of the events giving rise to this action occurred or are purported to have occurred in Nevada. Specifically, Plaintiff's Agreement and the other purchase agreements with unit buyers were negotiated, drafted and executed, at least by the seller, in Nevada and performance of the agreements was to take place solely within Nevada.  Based on the foregoing substantial contacts, Plaintiff and Defendant also would be subject to personal jurisdiction within Nevada.

Not only are venue and jurisdiction proper in the District of Nevada, but, as discussed below, that forum is more appropriate and convenient under § 1404(a).

---

[39] See Weldon Decl., Exhibit A, ¶ 20.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

**3.** **The Convenience of the Parties and Witnesses, and Interests of Justice, Favor Transfer to the District of Nevada.**

Section 1404(a) was designed as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).  Transfer is appropriate when the moving party demonstrates that the interests of justice are best served by transferring and that transfer would be more convenient for the parties and witnesses. Norwood v. Kirkpartrick, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955) (explaining the purpose of § 1404(a) as to "grant broadly the power of transfer for the convenience of parties and witnesses, and in the interest of justice").

The Supreme Court's recent decision in Atlantic Marine marked a change in how federal courts analyze the convenience of the parties when a binding forum selection clause applies. See Atl. Marine, 134 S. Ct. 568 at 581.  In particular, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." See id. at 582.  "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id.  As a consequence, the district court must focus on public-interest factors rather than private-interest factors.  Id.

Before its decision in Atlantic Marine, the Supreme Court identified a number of factors for determining the convenience of the parties in addition to the presence of a forum selection clause. See Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988).  Other factors that courts traditionally have consider in the transfer analysis are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.  Id.; Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000).  In addition, court congestion and the burden of jury duty on a community with no relation to the litigation are also relevant factors.  Luna v. Yachts Int'l, Ltd., 980 F. Supp. 1362, 1370 (D. Haw. 1997).

To the extent that they are applicable, virtually all the factors in the transfer analysis favor transferring this case to Nevada.[40]

### a.   The Plaintiff agreed that all disputes would be litigated in Clark County, Nevada

As discussed above, Plaintiff's claims arise out of his Agreement to purchase a unit at the Project. The Forum Selection Clause contained in the Agreement requires all disputes to be litigated in Clark County, Nevada.[41] Pursuant to the Supreme Court's holding in Stewart, the existence of the Forum Selection Clause is a significant factor, which militates towards transfer of venue. 487 U.S. at 29.

### b.   The situs of all material events is Nevada, not California

In this case, the Agreement was negotiated, drafted and executed, at least by the seller, in Nevada. The purpose of the Agreement was for Plaintiff to purchase and own condominium-hotel units in Nevada, where presumably he intended to live, visit, or hold investment property.   Plaintiff subsequently made earnest money deposits with Nevada Title Company in Las Vegas, Nevada.  The Agreement was intended to be performed only in Nevada and concerned a transaction involving real property located in Nevada.  In short, the operative facts underlying Plaintiff's allegations of fraud and deceit and demands for recovery relate to activities that took place or are purported to have taken place solely in Nevada.   In fact, aside from Okada's residence in

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

---

[40] The only real connection between the parties, witnesses, and events in question in this litigation and the State of California is the fact that Plaintiff resides there and subsequently filed suit in California.

[41] See Aken Decl., Exhibit C, ¶¶ 18, 24; Weldon Decl., Exhibit A, ¶ 20.

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

California,[42] this case has little if any connection with California and properly should be tried in Nevada.

### c.   Nevada is most familiar with the applicable law in this case

In addition to designating the proper forum for disputes arising under the Agreement, the Forum Selection Clause requires that the terms of the Agreement be construed and governed in accordance with Nevada law.[43]   Nedlloyd Lines B.V. v. Super. Ct. San Mateo County, 834 P.2d 1148, 1151-52 (Calif. 1992) (California has a strong public policy of enforcing choice-of-law provisions); see also PAE Gov't Services, Inc. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007) (finding choice-of-law provision enforceable); Olinick v. BMG Entm't, 138 Cal. App. 4th 1286, 1300, 42 Cal. Rptr. 3d 268 (Ct. App. 2006) (choice-of-law clause applies to claims that are "inextricably intertwined with the construction and enforcement" of the contract). Because Nevada law governs this dispute, the Nevada District Court will be the court most familiar with the applicable law.   Furthermore, under the Supreme Court's decision in Atlantic Marine, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum."   See Atl. Marine, 134 S. Ct. at 582.   "[A] plaintiff who files suit in violation of a forum-selection clause enjoys no [privilege] with respect to its choice of forum, and therefore it is entitled to no concomitant 'state-law advantages.'"   Id. at 583.

### d.   The Plaintiff's choice of forum should be given no deference

While Plaintiff chose to file this action in California, this factor should not be given significant weight.   Under the Supreme Court's decision in Atlantic Marine the

---

[42] Moreover, as explained above, Okada's personal residence would be a private factor that is not considered in light of a binding forum-selection clause because Okada "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."   See Atl. Marine, 134 S. Ct. at 582.
[43] See Weldon Decl., Exhibit A, ¶ 20.

Defendant NP1's Motion to Dismiss
Case No. 8:14-CV-00307 DOC (DFMx)

18974587

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

presence of a valid forum-selection clause requires district courts to give a plaintiff's choice of forum no deference.  See Atl. Marine, 134 S. Ct. at 581.  This result is justified because "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises.  Id. at 582.  "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  Id.

Moreover, the Plaintiff's choice of forum has no connection to the underlying facts or claims related to this litigation. None of the events complained of occurred or are alleged to have occurred in California.  Therefore, in the interests of fairness, justice, and convenience, the residence of one plaintiff in California should not weigh against transfer to Nevada, and this Court should give that fact little or no deference in its decision.  The one common geographic location to all parties is Las Vegas, Nevada.

e.    The respective parties have far greater contacts with Nevada

Again, the parties' only contacts with California relate to the Plaintiff's residence and the fact that this case was originally filed in California.[44]  By contrast, all parties have significantly more contacts with Nevada as they relate to the subject matter of this case. The Project in which the Plaintiff contracted to purchase property—and presumably to live, visit, or hold investment property—is located in Nevada.  Any contact Plaintiff would have had with the sales agents for the Project would have occurred in Nevada. The Agreement was negotiated, drafted and executed, at least by the seller, in Nevada. The Deposit that Plaintiff seeks to have reimbursed was originally escrowed with Nevada Title Company in Nevada. In fact, all of the alleged events, facts or actions that form the basis for Plaintiff's claims would have occurred, if at all, within the State of Nevada.  Not a single action relevant to

---

[44] Again, even though this factor weighs in NP1's favor, this is a personal factor and thus not relevant if the Court finds that the Forum Selection Clause is binding.  See Atl. Marine, 134 S. Ct. at 582.

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

1    Plaintiff's claims is alleged to have occurred in California.

2                    f.      Litigation in Nevada will be less costly

3            Because California has no significant connection to the events at issue, the costs

4    of litigating in California will be higher than the costs of litigating in the forum where

5    relevant witnesses reside and where pertinent documents are stored—namely,

6    Nevada.[45]

7            Relevant third party fact witnesses in this case are likely to include (1) the

8    original developer of the Project and its representatives; (2) the seller's agents; (3) the

9    title company that has control over the Deposits and its representatives; and (4) other

10   related witnesses to the subject transactions.   All of these witnesses, and the

11   corresponding documents, are located in Nevada.[46]  The cost of transporting these

12   witnesses and documents to California is obviously far greater than if they were to

13   remain in Nevada.  For the party witnesses who do not reside in California, the parties

14   will incur similar litigation and travel costs whether this case is litigated in California

15   or Nevada.  The only party that would benefit from the California venue is Plaintiff,

16   and this convenience must not be afforded weight.  See Atl. Marine, 134 S. Ct. at 582.

17                   g.      Nevada offers greater availability of compulsory process

18           This factor favors Nevada because the vast majority, if not all, of the non-party

19   witnesses reside in Nevada.  Simply put, Plaintiff is likely to be the only witness that

20   resides in California, and Nevada offers greater availability of compulsory process to

21   compel attendance of non-party witnesses.

22                   h.      Ease of access to sources of proof favors Nevada

23           This factor again relates to the location of relevant witnesses and documents.  As

24   indicated above, the majority, if not all, of the non-party witnesses are located in

25   Nevada, and all relevant activities took place in Nevada.[47]  In addition, most, if not all,

26

27       _____
         [45] See Aken Decl., ¶¶ 3, 4.
28       [46] See Weldon Decl., Exhibit A, ¶ 5; Aken Decl., ¶ 4.
         [47] See Aken Decl., ¶¶ 3, 8–12.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

18974587

1  of the relevant documentary evidence is currently housed in Nevada.[48]

2                    i.    California juries have no interest in this litigation

3          This case involves a real estate transaction in Nevada.  There are no California

4  public policy considerations, nor will any resulting judgment affect the State of

5  California, either positively or to its detriment.  While California residents decided to

6  purchase units at the Project, the sales process was not directed specifically at

7  California residents any more than they were directed at residents of every other state

8  and, indeed, many countries around the world.

9          Further, public interest supports adjudication of a controversy in that locale,

10  where it is a matter of local attention.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67

11  S. Ct. 839, 91 L. Ed. 1055 (1947).  It would be inequitable to place the burden of jury

12  duty on a community with no relation at all to this litigation.  Therefore, the "interest

13  of justice" requirement of § 1404(a) is served by transferring this action to Nevada.

14  **IV.    CONCLUSION**

15          Based on the foregoing, this matter should be dismissed for failure to state a

16  claim. *Alternatively*, this Court should transfer this action to the United States District

17  Court of Nevada, Las Vegas Division, for the convenience of the parties and witnesses,

18  and in the interest of justice.

19  Dated:  May 7, 2014.                          SNELL & WILMER L.L.P.

20

21                                         By: *s/ Elizabeth M. Weldon*

22                                              Matthew L. Lalli
                                              Elizabeth M. Weldon
23                                              Attorneys for NEVADA PROPERTY 1
                                              LLC

24

25

26

27

28  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [48] See id., ¶ 4.

Defendant NP1's Motion to Dismiss
Case No.  8:14-CV-00307 DOC (DFMx)

Snell & Wilmer
⎯⎯ L.L.P. ⎯⎯
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18974587

*Okada v. Nevada Property 1, LLC*
**US District Court, Central District of California, Case No. SACV14-00307 DOC (DFMx)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2014, I electronically filed the document **DEFENDANT NEVADA PROPERTY 1 LLC'S NOTICE OF MOTION AND MOTION TO DISMISS, OR , IN THE ALTERNATIVE, TRANSFER VENUE** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Randolph Gaw                          **Attorneys for Plaintiff Donald**
The Gaw Group                         **Okada**
100 Pine Street, Suite 1250           Phone: 415-745-3308
San Francisco, CA  94111              Fax:   415-737-0642
                                      rgaw@thegawgroup.com


Dated:  May 7, 2014                   SNELL & WILMER L.L.P.

                                      By:  */s/ Elizabeth M. Weldon*
                                      _____
                                          Matthew L. Lalli
                                          Elizabeth M. Weldon

                                          Attorneys for Defendant
                                          Nevada Property 1, LLC

19036323.1

**Snell & Wilmer**
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000