# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD OKADA,

         Plaintiff(s),

vs.

NEVADA PROPERTY 1, LLC,

         Defendant(s).

Case No. 2:14-cv-01601-RCJ-NJK

ORDER DENYING MOTION TO COMPEL

(Docket No. 42)

       Pending before the Court is Plaintiff's Motion to Compel, filed on October 23, 2014. Docket No. 42. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

       The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

       The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation

1  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow
2  and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*,
3  151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal
4  negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of
5  discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their
6  respective positions with the same candor, specificity, and support during the informal negotiations
7  as during the briefing of discovery motions." *Id*.  "Only after all the cards have been laid on the
8  table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in
9  light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.*  To ensure
10 that parties comply with these requirements, movants must file certifications that "accurately and
11 specifically convey to the court who, where, how, and when the respective parties attempted to
12 personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

13   The Court has reviewed the pending certification of counsel.  Docket No. 42-1, Gaw Decl.
14 at ¶¶ 6-19.  The parties had a telephonic conference on September 5, 2014.  Id., at ¶ 6.  However,
15 after that telephonic conference on September 5, 2014, it appears that all communication, including
16 different offers for resolving the parties' differences, has consisted of letters and e-mails.  These
17 letters and e-mails are not sufficient to satisfy the "personal consultation" requirement.  *See*
18 *ShuffleMaster*, 170 F.R.D. at 172 (exchange of letters does not satisfy meet and confer
19 requirements).  The parties, therefore, have not engaged in an adequate meet and confer for purposes
20 of this motion.  Accordingly, the motion to compel is hereby **DENIED** without prejudice.

21   IT IS SO ORDERED.
22   DATED: October 27, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge