UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD OKADA, | ) | Case No. 2:14-cv-01601-LDG-NJK |
|          Plaintiff(s), | ) ) | ORDER GRANTING MOTION TO STAY AND DENYING |
| vs. | ) ) | MOTION TO COMPEL |
| NEVADA PROPERTY 1, LLC, | ) ) | (Docket Nos. 41, 51) |
|          Defendant(s). | ) ) | |

Pending before the Court is Defendant's motion to stay discovery pending a ruling on its motion to compel arbitration. Docket No. 41. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 41, 50, 55. Also before the Court is Plaintiff's motion to compel. Docket No. 51. The Court finds that the motions are properly resolved without oral argument. *See* Local Rule 78-2.

**I.      Background**

This case was transferred to the District of Nevada on September 24, 2014, by order from the Central District of California based on a forum selection clause within Plaintiff's purchase agreement. Docket No. 35. The Court found that Plaintiff's tort claims are subject to the forum selection clause and that the damages claimed by Plaintiff result from the purchase agreement. *Id.*, at 16. The forum selection clause within Plaintiff's purchase agreement states, in relevant part:

. . .

. . .

> The parties agree to submit to arbitration any dispute related to this Agreement (including, but not limited to, any dispute related to the interpretation or enforceability of this Agreement) and agree that the *arbitration process shall be the exclusive means for resolving disputes* which the parties cannot resolve. The laws of the State of Nevada shall apply to this Agreement. Any arbitration hereunder shall be conducted under the Dispute Resolution Rules of the American Arbitration Association ("AAA") as modified herein.

Docket No. 39-2, at 13 (emphasis added).

On October 23, 2014, Defendant filed the pending motion to stay discovery a pending ruling on its motion to compel arbitration. Docket No. 41. *See also* Docket No. 39. Defendant represents that Plaintiff "is currently trying to set dates for five depositions, and these attempts are despite being limited to two depositions in the Purchase Agreement." Docket No. 41, at 3. Plaintiff filed a response on November 6, 2014, stating that he "is voluntarily abstaining from any further efforts to propound discovery pending resolution of NP1's motion to stay discovery." Docket No. 50, at 7. In reply, Defendant states that Plaintiff is not, in fact, abstaining from discovery. Docket No. 55, at 2. In support of this contention, Defendant points to both Plaintiff's pending motion to compel, and Plaintiff's current efforts to conduct depositions in December. *Id.*, at 5-6.

## II.     Discussion

"Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar." *City of Henderson v. Span Sys.*, 2013 U.S. Dist. LEXIS 36129, at *3-4 (D. Nev. Mar. 15, 2013) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). In evaluating a motion to stay, the Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that a stay of discovery pending the resolution of Defendant's motion to compel arbitration (Docket No. 39) is warranted. The issues before the Court in the motion to compel arbitration do not require further discovery, as the motion has been fully briefed and neither side has asserted the need for additional discovery prior to the Court's determination. Docket Nos. 39, 47, 48, 56. Discovery is expensive. Indeed, Defendant stresses the importance of resolving the question of arbitration at the earliest possible stage of litigation in order to not lose the key advantages of arbitration-speed and economy. Docket No. 41, at 5. Further, the issues in the motion to compel arbitration are potentially dispositive of the entire case. Additionally, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

### III. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** Defendant's motion to stay discovery pending ruling on motion to compel arbitration  (Docket No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket No. 51) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: November 21, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge